IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALBERT FRANCIA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO.: _____ |
| MILLENNIUM SECURITY | ) | |
| SERVICES, LLC and | ) | |
| MICHAEL E. MIZELL | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Albert Francia, and files this lawsuit against

Defendants Millennium Security Services, LLC and Michael E. Mizell

(hereinafter collectively "Defendants"), and shows the following:

**Nature of Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress

the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for

Defendants' failure to pay federally mandated overtime wages to Plaintiff in

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et*

*seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendants

(hereinafter referred to as the "relevant time period").

## Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b),

and 28 U.S.C. §1343(4).

4.

Defendant Millennium Security Services, LLC is a Georgia corporation.

5.

The unlawful employment practices alleged in this Complaint were

committed within this District at Plaintiff's work locations.  In accordance with 28

U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this

Court.

## Parties

6.

Plaintiff was a resident of the State of Georgia during the relevant time

period.

7.

Defendant Millennium Security Services, LLC may be served with process

by delivering a copy of the summons and complaint to its registered agent,

Michael E. Mizell, at 1000 Holcomb Woods Parkway, Suite 417, Roswell, Georgia, 30076.

8.

Defendant Michael E. Mizell may be served with process by delivering a copy of the summons and complaint to his work address at 1000 Holcomb Woods Parkway, Suite 417, Roswell, Georgia, 30076.

**Factual Allegations**

9.

Millennium Security Services, LLC is a private security services company that employs security guards who are assigned to guard client locations throughout Georgia.

10.

Plaintiff started working at Millennium in March 2010 as a security officer.

11.

Initially, Plaintiff worked at one location for 40 hours making $9 per hour.

12.

In June 2011, Plaintiff was working on an assignment at the Glenridge Point building.

13.

At that time, Plaintiff's pay was converted to a salary of $450 per week.

14.

Around that same time, Plaintiff also began working at the American

Legion building on Friday and Saturday night for an additional 10 hours per

week.

15.

Plaintiff did not receive additional pay for these hours.

16.

This method of payment continued until May 11, 2013, at which time

Plaintiff began working 40 hours per week again.

17.

Plaintiff estimates that he worked 700 hours of overtime between June

2011 and May 2013, and the total unpaid overtime pay for that period is

$16,537.50 ($11.25 x 1.5 x 980 hours).

18.

Defendants knew, or showed reckless disregard for the fact that they

misclassified Plaintiff as exempt, and accordingly failed to pay him overtime at

the required rate under the Fair Labor Standards Act.

19.

Defendant Michael E. Mizell is the owner of Millennium Security Services,

LLC.

20.

Defendant Mizell had discretion over Plaintiffs' working hours, employment status, and compensation.

21.

Defendant Mizell acts both directly and indirectly in the interest of Millennium Security Services, LLC and was in a supervisory position over Plaintiff.

22.

Defendant Millennium Security Services, LLC is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

23.

Defendant Mizell is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

24.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

25.

At all times relevant, Defendant Millennium Security Services, LLC has been, and continues to be, an "employer" engaged in interstate commerce and/or the

production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et. seq.

26.

At all times relevant, Defendant Millennium Security Services, LLC has employed and continues to employ, employees, including Plaintiffs, who engage or engaged in commerce or in the production of goods for commerce.

27.

At all times relevant, upon information and belief, Defendant Millennium Security Services, LLC has had an annual gross volume of sales made or business done in excess of $500,000.00.

28.

The minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendants and protect Plaintiff.

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

29.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

30.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to

recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

31.

Defendants have willfully violated the FLSA by misclassifying Plaintiff as exempt during the relevant time period.  Thus, Plaintiff is entitled to the benefit of the three year statute of limitations period prescribed by the FLSA.

### Prayer for Relief

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid overtime wages pursuant to the FLSA § 7; 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 15th day of May, 2014.

**THE SHARMAN LAW FIRM LLC**

7

/s/ Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff